Matthias, J.
This proceeding was instituted before the Public Utilities Commission where the plaintiff sought “an order compelling The Northern Ohio Traction & Light Company to charge rates of fare to passengers between Canton and Beach City and the intermediate points according to the terms of the contract entered into between the county commissioners of Stark county and the village of Navarre as to the rate of fare to be charged between Canton and Massillon and Massillon and Navarre and that they be compelled to charge rates of fare fixed by the Public Utilities Commission between Navarre and Beach City and the intermediate points thereof.”
The Public Utilities Commission found that the fares charged by the company, and the practice complained of, did not violate any of the provisions of any franchise under which the defendant operates, that the rates charged for carrying passengers between the points named are the rates carried in defendant’s schedule on file with the commission, that the practice complained of is in accordance with such regulation, and that the same was not unreasonable or unjustly discriminatory. The commission refused to order any change made therein.
A motion for rehearing having been overruled by the commission the action was filed in this court *126 pursuant to the provisions of Section 544, General Code, to procure a reversal of such order on the ground that it is unlawful and unreasonable.
The record discloses that The Northern Ohio Traction & Light Company is operating an interurban railway from Canton, Ohio, to Beach City, Ohio, passing through the following points, Massillon, Navarre, Harmoii, Justus and Target Stop; that on December 1, 1919, it entered into a franchise-contract with the board of county commissioners of Stark county, wherein it was stipulated that the rate of fare between Canton and Massill®n should be fifteen cents; and'that on June 11, 1919, it entered into a franchise-contract with the village of Navarre, wherein it was stipulated that the rate of fare between the village of Navarre and the city of Massillon should be ten cents.
No contract, other than those above stated, has been entered into wherein the rate of fare to be charged between any points on said road has been fixed or stipulated, and the rates of fare charged between the points on said road, other than those stipulated in the contracts above referred to, are the rates of fare fixed by and set forth in the schedule of rates filed by the company with the Public Utilities Commission of Ohio. The rates charged, therefore, between the various points on said road are in full compliance with said schedule.
The complaint of the plaintiff in error was based upon the provisions of Section 524, General Code, the sole contention being that the rate fixed by the schedule on file is unreasonable and unjustly discriminatory in that it provides for a charge for *127 travel between Canton and Navarre of five cents more than the combined rate fixed by the two separate contracts in existence, the one stipulating the rate between Canton and Massillon and the other stipulating the rate between Navarre and Massillon, and the same excess of five cents from Canton to points east of Navarre. In substance, it is sought to have the commission require the company to take into consideration the rate stipulated by franchise-contract between Canton and Massillon and the rate stipulated by franchise-contract between Navarre and Massillon in fixing the rate between Canton and other points on its line. No evidence was offered, nor, indeed, was any claim made before the commission, that the rate fixed in said schedule was unreasonable or in excess of a just and reasonable rate.
By the provisions of Section 527, General Code, the commission, if it finds a rate complained of to be unreasonable or unjustly discriminatory, is required to fix and order substituted therefor such rate of fare as it shall have determined to be just and reasonable. But here there is no claim that the charge made is excessive or unreasonable. The sole ground upon which it is sought to have the company’s schedule of rates modified seems to be that the terms of said separate contracts should be so construed and applied as to extend the benefits thereof to all points along the line of the interurban company, and that such contract rates should be treated as a basis of rates to other points on the line of the company’s road.
*128 Surely there can be no just ground for such contention. No attempt was made to abrogate or modify the rates fixed by franchise-contract between the intermediate points named, but, as held by the Public Utilities Commission, fares fixed by franchise between intermediate points may be either too high or too low to yield an adequate return- and cannot of themselves be taken as a basis for determining the reasonableness of a through rate not so fixed. It must be concluded, therefore, that where the rate of fare between two designated points is fixed by the terms of an interurban franchise, the Public Utilities Commission is not required to adopt such rate as a basis for the determination of the reasonableness of a rate to other points on the line of said road; and, further, where there is no evidence that a rate charged by an interurban road for carrying passengers is in excess of a reasonable rate, it will not be held to be unreasonable or unjustly discriminatory on the sole ground that it exceeds the sum of fares between intermediate points which are fixed by several independent franchise-contracts.

Order affirmed.

Johnson, Hough and Jones, JJ., concur.
Wanamaker, J., dissents.
Marshall, C. J., and Robinson, J., took no part in the consideration or decision of the case.